

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2003

# Orr v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-2628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Orr v. Comm Social Security" (2003). *2003 Decisions*. Paper 895.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/895

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2628
_____

JAMES ORR,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. No.: 01-cv-00042J
District Judge: Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a) December 20, 2002

Before: SLOVITER, McKEE, and ROSENN, Circuit Judges

(Filed: January 7, 2003)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The appellant, James Orr, has appealed from a decision of the Social Security

Administration denying his claim for Disability Insurance Benefits (DIB).  Following initial

and reconsideration denials, an Administrative Law Judge (ALJ) held a hearing on

November 30, 1998, and issued an unfavorable decision to the claimant. The Appeals Council denied the claimant's request for review, making the ALJ decision the final decision of the Commissioner.

Plaintiff then filed this action in the United States District Court for the Western District of Pennsylvania. The District Court entered an order granting the Commissioner's motion for summary judgment and denying the appellant's cross motion for summary judgment. The appellant timely appealed.

The facts are well-known to the parties and we refer to them only briefly. On appeal, the claimant presents three issues, each of which was raised in the District Court: (1) whether the Commissioner is bound by the treating physician's opinion where no contrary medical evidence exists; (2) whether the Commissioner failed to properly consider and credit claimant's objective symptoms; and (3) whether the finding that the claimant can perform light work is supported by substantial evidence.

Our standard of review is limited to determining whether the District Court properly found that the Commissioner's decision is supported by substantial evidence. We do not undertake de novo review or determine questions of credibility. This is the same standard of review that governs the District Court's judicial review of the Commissioner's

decision.

The District Court carefully reviewed the record in this case and each of the contentions raised by the appellant. The District Court found each of Orr's arguments unpersuasive. Specifically, the court concluded that the ALJ's stated reasons for rejecting Dr. Shaheen's opinion that plaintiff is totally disabled were proper and supported by substantial evidence. The District Court noted that after examining each of Dr. Shaheen's letter opinions that they were inconsistent. His statement, dated January 29, 1998, which was prepared in connection with claimant's application for disability retirement from his employment with Blair County, showed that claimant suffered from heart disease and stress syndrome, rendering him disabled as of January 8, 1998. However, the court observed that in the same statement, Dr. Shaheen noted that the claimant had a slight limitation of functional capacity and was capable of performing light work.

Shortly after this statement, the claimant underwent further testing for his complaints of chest discomfort and, based on the result of those tests, his cardiologist reported to Dr. Shaheen that plaintiff continued to do "quite well" following his heart surgery, and that there was no evidence that his complaints of chest discomfort were cardiac in origin. On April 8, 1998, Dr. Shaheen wrote a letter stating that he was treating

3

the claimant for stress syndrome that rendered him disabled "at that time." The District Court again observed that this statement by the doctor failed to mention plaintiff's ankle injury or heart disease. In a "daily activities questionnaire" prepared by the claimant two months later, he reported very little, if any, limitations on his activities of daily living. Finally, the Court noted that on December 4, 1998, in another letter prepared by Dr. Shaheen, the doctor stated that claimant was totally disabled due to the limitations in his ability to walk and stand as a result of the residuals of a gunshot wound to his right ankle thirty years before, and his open heart surgery.

The District Court found that these limitations are not supported by objective medical evidence and are inconsistent with the claimant's activities of daily living as reported by the claimant himself. Moreover, the Court noted that in this letter "Dr. Shaheen [nowhere mentions] plaintiff's stress syndrome, which was the primary reason given by plaintiff at the hearing before the ALJ or his claim that he could no longer perform his work as a hearing officer for Blair County."

On examining the record, the District Court found that the ALJ in his decision noted that the claimant had never been diagnosed with an anxiety or stress disorder by a mental health professional and that this condition had been treated solely by Dr. Shaheen

4

with medication. According to Orr, the medication does not produce any side effects, and Dr. Shaheen had never recommended any other type of treatment to control Orr's anxiety because the doctor believed that the medication was "keeping things under control."

The District Court, therefore, concluded that the ALJ was not bound by Dr. Shaheen's opinion that plaintiff became totally disabled as of January 8, 1998. We agree. In addition, the District Court observed that there was other evidence of record to support the ALJ's determination that the claimant was not totally disabled. Specifically, the Court referred to three medical consultants who completed Physical Residual Functional Capacity Assessments in connection with plaintiff's application for disability insurance benefits wherein they asserted that plaintiff could perform light work. Another medical consultant completed a Psychiatric Review Technique Form in which he concluded that the plaintiff had no medically determinable impairment.

After reviewing the briefs and record in this case on appeal, we see no error of the District Court with respect to the issue raised on this appeal. The judgment is affirmed. Costs taxed against the appellant.

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn
Circuit Judge